Filed 6/21/21  P. v. McCammon CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B309016 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 0PH06106) |
| v. | |
| DAVID BRIAN MCCAMMON, | |
| Defendant and Appellant. | |

APPEAL from a judgement of the Superior Court of Los Angeles County, Robert M. Kawahara, Commissioner. Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A parole revocation report alleged that defendant and appellant David B. McCammon violated parole by absconding, failing to participate in global positioning system (GPS) device monitoring, and failing to register pursuant to Penal Code section 290. After a formal revocation hearing, the court revoked and reinstated parole, with the modification that McCammon serve 170 days in county jail, with credit for 64 days in custody and an additional 64 days of good time/work time credit. McCammon filed a timely notice of appeal.

This court appointed counsel to represent McCammon on appeal. On March 19, 2021, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. McCammon was advised of his right to file a supplemental brief within 30 days. No supplemental brief has been filed to date.

We have completed our independent review of the record. There are no arguable contentions on appeal. The parole revocation was properly noticed in writing. McCammon was afforded a timely revocation hearing at which he was assisted by appointed counsel.

Parole Agent Richard Mullins testified that on February 20, 2020, he reviewed the terms and conditions of parole with McCammon. McCammon refused to sign the conditions. Agent Mullins informed McCammon that, among others, the following conditions would be enforced regardless of his refusal to sign: Number 2: "'Where unless other arrangements are approved in writing, you shall report to your parole agent on the first working day following your release.'" Number 4: "'You shall not engage in conduct prohibited by law.'" Number 30: "'You shall not travel more than 50 miles from your residence of record.'" Number 68: "'You shall participate in continuous electronic monitoring, global positioning system [(GPS)] technology.'" Number 77: "'If you are a transient, you shall register as a transient and comply with all transient registration requirements pursuant to Penal Code section 290.'"

On September 3, 2020, Agent Mullins learned that appellant had been released from the Clark County Detention Center in Nevada. Because the detention center is located more than 50 miles from McCammon's general "transient" location, Agent Mullens sought an arrest warrant on September 9, 2020.

On September 29, 2020, McCammon was arrested. Between September 3 and 29, 2020, McCammon had not reported to parole and had not been fitted with a GPS device. When Agent Mullins checked the California Sex and Arson Registry, he determined that McCammon had also failed to

register every 30 days since March 20, 2020, as required for transients.

 McCammon offered no evidence on his own behalf.

 Substantial evidence supports the order revoking parole, and the modification to the parole conditions was well within the sound discretion of the court.

 The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


   MOOR, J.


 We concur:


   RUBIN, P.J.


   BAKER, J.